<div style="margin-left:margin">Common-
wealth
*v.*
Drum.</div>

The Court directed the jury, that if there was no sufficient evidence to convict the defendant, either of the rape charged, or of an assault with an intent to commit a rape, still, under the provisions of the Revised Statutes, c. 137, § 11, he might be convicted of an assault and battery. This provision is, that whenever any person indicted for a felony, shall be acquitted by verdict of part of the offence charged and convicted of the residue, such verdict may be recorded, and the prisoner shall be adjudged guilty of the offence, if any, which shall be substantially charged by the residue of such indictment and shall be sentenced and punished accordingly.

The Court were of opinion, that the indictment for rape necessarily charged substantially and formally an assault and battery upon the person of the female alleged to have been ravished, and that this case was within the statute. And the prisoner was convicted and sentenced accordingly.

A similar point arose afterwards in Worcester, upon an indictment for manslaughter, and was decided upon the same principle.

The Revised Statutes, it will be perceived, have essentially altered the law in this respect, and established a different rule from that upon which the case of *Commonwealth* v. *Roby*, 12 Pick. 496, was decided.

---

## The Inhabitants of BERKELEY *versus* The Inhabitants of TAUNTON.

Where one resided in a town for ten years together, and paid all taxes assessed upon him for five of those years, it was *held*, that he acquired a settlement therein, notwithstanding his wife was, at the same time, receiving support as a pauper from another town in which she resided, it not appearing, that she was so supported at his request or with his knowledge, or that he was ever applied to for payment of the expenses thereof, or that he was unable to pay them.

ASSUMPSIT for expenses incurred by the plaintiffs in the support of Lorana Babbitt.

By an agreed statement of facts, it appeared, that the pauper was married to John Babbitt in 1814, in Wareham, where her legal settlement then was, the settlement of her husband

being in Berkeley ; that, a few years afterwards, she went to Berkeley, and had ever since been supported by that town ; that John Babbitt had resided in Taunton for more than ten years successively, next before the expenses in question were incurred, and that taxes were duly assessed upon his poll and estate for five years of that time, by the assessors of Taunton, and were all paid by him.

If the Court should be of opinion, that the legal settlement of the pauper was in Taunton, when the expenses were incurred, judgment was to be rendered for the plaintiffs ; otherwise, for the defendants.

*Eddy* and *Pratt*, for the plaintiffs, cited *Cambridge* v. *Charlestown*, 13 Mass. R. 501.

*Warren* and *Bassett*, for the defendants, cited *East Sudbury* v. *Waltham*, 13 Mass. R. 460 ; *East Sudbury* v. *Sudbury*, 12 Pick. 1.

*Per Curiam.* The settlement of Lorana Babbitt is fixed by that of her husband, and follows it when that changes. *North Bridgewater* v. *East Bridgewater*, 13 Pick. 303. Before her marriage, she had a settlement in Wareham ; on her marriage, she acquired a settlement in Berkeley, from him. He afterwards resided continuously in Taunton ten years, and paid all taxes assessed on him, for five of these years, and thereby, *primâ facie*, gained a settlement in Taunton by the 12th mode of *St.* 1793, *c.* 34, § 2. It is immaterial whether his wife actually resided there or not. In contemplation of law, her domicil follows his ; but independently of that, the question now is, whether he acquired a settlement in Taunton. The only objection is, that as his wife was receiving support, as a pauper, in another town, during all that time, it had the same effect as if he had himself been receiving support, and so he had not that ten years' residence contemplated by the statute, to give him a settlement under the 12th mode, on the authority of *East Sudbury* v. *Waltham*, 13 Mass. R. 460, and *East Sudbury* v. *Sudbury*, 12 Pick. 1.

But the Court cannot adopt this view of the case, and consider relief to the pauper's wife, without any application of his, as relief to himself. It does not appear, that he was ever applied to for payment of those expenses, or that he knew of her

*Berkeley*
*v.*
Taunton

*Oct.* 25th.

*Oct.* 26th.

Berkeley *v.* Taunton.

being supported as a pauper, or that he was not of sufficient ability to pay them. He might have had ample means, but denied his liability, or for some other cause refused to pay without legal compulsion. Had the support been furnished at his request, it might have presented a quite different question.

*Judgment for the plaintiffs.*